UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN TEAGUE,

    Plaintiff,

v.                                                          Case No: 8:17-cv-461-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

    Plaintiff Colleen Teague seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.[1]

**BACKGROUND**

**A.    Procedural Background**

    Plaintiff filed an application for a period of disability on August 23, 2013. (Tr. 168.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 96, 104.) Plaintiff then requested an administrative hearing. (Tr. 109.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 29–77.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 10–23.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–5.) Plaintiff then timely filed a

---

[1] On December 15, 2017, the undersigned entered a report and recommendation to the Honorable Mary S. Scriven regarding Plaintiff's Complaint. (Dkt. 20.) After the report and recommendation was entered, Judge Scriven entered an order approving the parties' consent to the undersigned's jurisdiction, and the case was reassigned to the undersigned. (Dkt. 21.) Accordingly, the report and recommendation (Dkt. 20) is vacated in light of this Order.

complaint with this Court. (Dkt. 1). The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning on March 3, 2014. (Tr. 168, 187.) Plaintiff has a high school education. (Tr. 35.) Plaintiff's past relevant work experience included work as a hairdresser, medical transcriber, cafeteria attendant, and food server. (Tr. 69.) Plaintiff alleged disability due to degenerative disc disease, a herniated disc, numbness in her hands, curvature of her spine, back pain, and a weak right side/hip. (Tr. 211.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since March 3, 2014, the alleged onset date. (Tr. 15.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, chronic venous insufficiency, fibromyalgia, major depressive disorder, generalized anxiety disorder, bipolar disorder, and a history of marijuana use. (Tr. 15.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to light work with limitations. (Tr. 17.) Specifically, the ALJ found the following:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), including the ability to lift and/or carry 20 pounds occasionally, 10 pounds frequently, and sit 6 hours, 3 hours at a time, and stand and/or walk 6 hours, 1 hour at a time, in an 8-hour workday. She can frequently reach, handle, finger, feel, push, and pull with the bilateral upper extremities. She can frequently operate foot controls with the bilateral lower extremities. She can never climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She must avoid all exposure to unprotected heights, temperature extremes, and vibration. She must also avoid

> even moderate exposure to moving machinery, humidity and wetness, and pulmonary irritants. Finally, she is limited to simple, routine tasks.

(Tr. 17.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 18.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 21.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a parking lot cashier, hand packager, and bagger. (Tr. 22.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 22.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.

20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis,

mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the grounds that the ALJ erred in relying on the VE's testimony. (Dkt. 18 at 5.) Plaintiff alleges that the testimony from the VE was not supported by substantial evidence. (Dkt. 18 at 5.) Specifically, Plaintiff contends that the VE's testimony was unreliable regarding the number of existing jobs in the national economy that someone with Plaintiff's limitations can perform. (Dkt. 18 at 5.)

During the hearing, the VE testified that an individual with Plaintiff's RFC would be able to perform work as a parking lot cashier, hand packager, and bagger. (Tr. 72.) The VE testified that there are approximately 1,600,000 parking lot cashier jobs, approximately 350,000 hand packager jobs, and approximately 500,000 bagger jobs in the national economy. (Tr. 72.) The VE specified that she based her opinions on her experience and practice, having completed onsite job analysis for the jobs. (Tr. 72.) The VE also testified that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Tr. 75.) Plaintiff argues that the number of parking lot cashier, hand packager, and bagger jobs the VE identified is implausible and unreliable. (Dkt. 18 at 8–9.)

In asserting her argument, Plaintiff relies on the Occupational Employment Statistics compiled by the Bureau of Labor Statistics. (Dkt. 18.) Plaintiff makes the overall argument that the ALJ did not find a "significant number" of jobs that Plaintiff is able to perform. (Dkt. 18.) Plaintiff points to the Occupational Employment Statistics, which indicate a specific number of

persons employed nationally in each occupation designated under the Standard Occupational Classification ("SOC") system. (Dkt. 18 at 6–7.) Plaintiff contends that each of the DOT occupations identified by the VE is a subcategory within a broader SOC category of occupations. For example, the job of a parking lot cashier, DOT number 211.462-010, is one of the subcategories within the SOC category for cashiers. (Dkt. 18 at 7.) Plaintiff admits that there are more people employed nationally in each of the broader SOC categories than in each of the DOT categories identified by the VE. (Dkt. 18 at 7–9.) However, Plaintiff asserts that the VE's testimony was unreliable because there are other jobs within the SOC categories. (Dkt. 18 at 7–9.) Plaintiff asserts that there could not possibly be as many jobs in the national economy for each of the occupations identified by the VE. (Dkt. 18 at 7–9.)

When the ALJ determines that a claimant cannot perform past relevant work, then the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a [vocational expert]." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ must "introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227. "In order for a VE testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

Further, the ALJ must articulate specific jobs that exist in national economy that a claimant can perform. *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 404.1566(a). The Eleventh Circuit "has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 Fed. App'x 931, 934–35 (11th Cir. 2015).

As is evident from the testimony, the VE opined that there is other work in significant numbers that a person with Plaintiff's RFC could perform. (Tr. 72.) Although Plaintiff takes issue with the number of jobs the VE identified, her argument is not supported by the applicable law or evidence in the record. "The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE produce detailed reports or statistics in support of her testimony." *Bryant v. Commissioner of Social Sec.*, 451 Fed. App'x 838, 839 (11th Cir. 2012); *see also Curcio v. Commissioner of Social Sec.*, 386 Fed. App'x 924, 926 (11th Cir. 2010) ("[T]he Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise."). Here, the VE testified as to specific jobs, noted that there were over thousands of jobs for each of the three identified types of occupations, and acknowledged that her testimony was based on her experience and consistent with the DOT. (Tr. 72, 75.) At the hearing, Plaintiff did not object to the VE's testimony or qualifications. *Leigh v. Comm'r of Soc. Sec.*, 496 Fed. App'x 973, 975 (11th Cir. 2012); *Hurtado v. Comm'r of Soc. Sec.*, 425 Fed. App'x 793, 795–96 (11th Cir. 2011). Further, Plaintiff does not offer evidence to contradict the substance of the testimony of the VE, and a reasonable person would find this evidence sufficient to support

the ALJ's conclusion that the specific jobs exist in significant numbers. *See Curcio*, 386 Fed. App'x at 926.

The Court further notes that Plaintiff does not argue that the ALJ did not include Plaintiff's limitations within the hypothetical to the VE. During the hearing, the ALJ included all of Plaintiff's RFC limitations in the hypothetical. (Tr. 637–638.) The ALJ then inquired as to whether the VE's testimony was consistent with the DOT, and the VE confirmed that it was. (Tr. 639.) The ALJ relied on this testimony in determining the jobs Plaintiff is able to perform. (Tr. 31.) Thus, Plaintiff's contention does not warrant reversal. *See Miller v. Comm'r of Soc. Sec.*, 246 Fed. App'x 660, 662 (11th Cir. 2007) ("even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert."); *Hobbs v. Colvin*, No. 8:13-CV-3233-T-24, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015) (finding the "ALJ was permitted to base his findings about [jobs the plaintiff is able to perform] on the VE's testimony"); *Brijbag v. Astrue*, No. 8:06-CV-2356-T-MAP, 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) ("[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT."). Further, although Plaintiff relies heavily on the case *Vanna Hong Vo v. Colvin*, No. EDCV 14-01105-DFM, 2015 WL 1383138 (C.D. Cal. Mar. 24, 2015), the case is not binding on this Court. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions."); *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985) ("[A]uthority from one circuit of the United States Court of Appeals is not binding upon another circuit.").

Plaintiff also makes the statement that "[d]uring the pendency of this appeal, the claimant turned 55 years old and is now considered a person of advanced age." (Dkt. 18 at 10.) Plaintiff asserts that based on the ALJ's RFC finding, the Social Security regulations would direct a finding of disabled as of the Plaintiff's fifty-fifth birthday. (Dkt. 18 at 10.) Plaintiff does not contend that the ALJ erred in finding that Plaintiff, at the time of the ALJ's decision, was a person closely approaching advanced age, defined as a person between the ages of fifty and fifty-four. 20 C.F.R. § 404.1563(c)–(e). Plaintiff offers no arguments concerning how this issue pertains to her issues on appeal. As such, to the extent Plaintiff is attempting to challenge the ALJ's determination of Plaintiff's age, Plaintiff's statement is insufficient to raise this issue for appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED.**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner

and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on December 19, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record